**Donald FELIX, Plaintiff–Appellant,**

v.

**Job SIMON, CPL O'Corner, Reilly, Sheriff, Nickia Steele, Dr. Grand, Jerry Ahere, Med. Tech, Mr. Kupee, Physican Assistant, Perry Intal, Nurse, Linda Bonds, Defendants–Appellees.**

No. 07–0217–pr.

United States Court of Appeals, Second Circuit.

Dec. 16, 2008.

Donald Felix, Stormville, NY, pro se.

Alexander V. Sansone, Law Offices of Edward J. Troy, Greenlawn, NY, for Defendants–Appellees.

PRESENT: JOSÉ A. CABRANES, REENA RAGGI, and DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Donald Felix appeals pro se from a final order of the District Court determining that it had correctly dismissed with prejudice Felix's complaint alleging that he received inadequate medical treatment while incarcerated. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

In an Order dated February 13, 2006, a different panel of this Court affirmed the District Court's dismissal of Felix's complaint on the basis of his failure to exhaust his administrative remedies but remanded the action to the District Court to consider whether the dismissal should be without prejudice. *Felix v. Simon*, No. 04–4268–pr (2d Cir. Feb. 13, 2006). That panel instructed the District Court to "determine whether Felix is able to exhaust his administrative remedies. If Felix no longer has the ability to do so, dismissal with prejudice is appropriate." *Id.* at 2. On remand, the District Court determined that Felix cannot exhaust his administrative remedies because (1) he is no longer incarcerated and (2) the time permitted for filing a grievance has expired. *Felix v. Simon*, No. 01 CV 6023(SJF) (E.D.N.Y. Dec. 11, 2006). Based on that determination, the District Court concluded that it had properly dismissed with prejudice Felix's complaint.

On appeal, Felix does not argue that he remains able to pursue administrative remedies, nor do we perceive any basis for concluding that he is able to do so. He does contend, however, that his failure to file promptly a grievance arising from his medical treatment should be excused be-cause he did not learn the full extent of his injury until August 17, 2001. The problem with this argument is that Felix did not file a grievance in August 2001 either. In fact, the record is devoid of evidence showing that Felix filed any health-related grievances after his 2001 injury, except for one filed on July 27, 2002, pertaining to his then two-week old request for an x-ray of his ankle. *See* Magistrate's Report, *Felix v. Simon*, No. 01 CV 6023(SJF), at 4 (E.D.N.Y. Jan. 14 2004). We cannot therefore excuse his failure to file any grievance whatsoever upon learning of his injury in August 2001. Because "dismissal with prejudice, when remedies are no longer available, is required in the absence of any justification for not pursuing such remedies," *Giano v. Goord*, 380 F.3d 670, 675 (2d Cir.2004) (internal quotation marks and brackets omitted), we agree with the District Court's decision to dismiss Felix's complaint with prejudice.

Accordingly, we AFFIRM the order of the District Court.